## Case No. 11,737.

### RHEA v. RAWLINGS et al.

[3 Cranch, C. C. 256.] [1]

Circuit Court, District of Columbia. Dec. Term, 1827.

PLEADING AT LAW—NAME OF PLAINTIFFS—USE OF FIRM NAME.

The name "Rawlings and Son," is too uncertain to maintain an action.

Appeal from a justice of the peace. The judgment of the justice was in favor of "Rawlings and Son."

Mr. Lear, for appellant.

The parties ought to be known. "Rawlings and Son" is too uncertain a description of the plaintiffs. In whose favor shall judgment be entered? Barney v. Washington City [Case No. 1,033].

THE COURT (THRUSTON, Circuit Judge, contrà) reversed the judgment because the party plaintiff was not named in the proceedings.

## Case No. 11,738.

### RHEIMER v. MAXWELL.

[3 Blatchf. 124.] [2]

Circuit Court. S. D. New York. Dec., 1853.

CUSTOMS DUTIES—TWISTED STRAW—STRAW LACES.

Twisted straw, being a stalk of rye straw split into two parts, and those parts twisted together, and being the raw material used in making straw laces, which are manufactured into hats and bonnets, not having been known in commerce, in the United States, until after the passage of the tariff act of July 30th, 1846, cannot be charged with duties under any of the denominations of straw manufactures mentioned in schedule C of section 11 of that act (9 Stat. 44, 45), but falls within the provisions of section 3, and is subject to a duty of 20 per cent., not being otherwise specially provided for in the act.

[Cited in Commissioners v. Buckner, 48 Fed. 539.]

This was a suit brought in the supreme court of New York [by John C. Rheimer] to recover back an excess of duties imposed by the defendant [Hugh Maxwell], as collector of the port of New York, upon importations of twisted straw. The defendant had the cause removed into this court by certiorari.

The plaintiff, between November, 1849, and February, 1852, made various entries at the custom house, on invoices of twisted straw, imported from France, claiming it to be an article unenumerated in the tariff act of 1846, and to be liable to a duty of only 20 per cent. The collector charged it with a duty of 30 per cent., under schedule C of section 11, Act July 30, 1846 (9 Stat. 44, 45), as coming within the description of "baskets, and all

other articles composed of grass, osier, palm-leaf, straw, whalebone, or willow, not otherwise provided for," or of "flats, braids, plaits, sparterie, and willow squares, used for making hats or bonnets," all of which are subject to a duty of 30 per cent. ad valorem. The plaintiff protested, in writing, against the rate of duty, and asserted that the article was only liable to a charge of 20 per cent., as unenumerated. Testimony was given identifying the articles known in commerce as above described in schedule C, and proving that none of them were composed of twisted straw. It was also proved, that an article was known in trade and commerce as straw laces, which was used in being manufactured into hats, bonnets, &c., and that twisted straw was the raw material used in making straw laces. A stalk of rye-straw is split into two parts, and those parts, twisted together, compose the twisted straw of commerce. It was further proved, that the article had never been imported, or known in trade, in the United States, until the beginning of the year 1847.

THE COURT held: 1. That the tariff act must be construed in reference to the appellations which articles of import had in trade and commerce at the time of its enactment, and that twisted straw, not having been known in commerce, or prepared or used in this country for making hats or bonnets, until subsequently to the passage of that act, could not be taxed under either of the denominations of straw manufactures mentioned in schedule C of section 11 of the act of 1846;

2. That the article fell within the provisions of section 3 of that act, and was subject to a duty of 20 per cent., not being otherwise specially provided for in the act.

Judgment for the plaintiff for the difference of duty so exacted, with interest thereon. the amount to be adjusted at the custom-house.

RHINELANDER (MASON v.). See Case No. 9,251.

## Case No. 11,739.

### RHINELANDER et al. v. SANFORD et al.

[1 Brunner, Col. Cas. 51; [1] 3 Day, 279.]

Circuit Court, D. Connecticut. Sept., 1808.

PRACTICE AT LAW — APPOINTMENT OF GUARDIAN AD LITEM—HOW MADE.

A motion for the appointment of a guardian to an infant party must be in writing, and must state the name of the person proposed, and his consent to be appointed.

[This was an action by Rhinelander, Hartshorne, and others against Peleg P. Sanford and others. Heard on motion to appoint a guardian.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]